**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**GEOFFREY H. ANDERSON,**

    Plaintiff,

v.                                                                              Case No: 5:15-cv-26-Oc-30PRL

**JOHN MOORE, CHARLES W. RUSSELL, JOHN FLYNN, ANDY AULD, SCOTT PENVOSE, GARY S. BORDERS, CITY OF GROVELAND and LAKE COUNTY FLORIDA**

    **Defendants.**

## ORDER

Before the Court is Defendant, the Sheriff of Lake County Gary S. Borders's second motion to compel Plaintiff to comply with Defendant's discovery requests. (Doc. 71). According to Defendant, on December 18, 2015, he requested that Plaintiff answer a set of interrogatories and produce documents, all of which were due thirty days later. Plaintiff failed to timely respond to these requests, which necessitated Defendant's first motion to compel. (Doc. 65).

Although Plaintiff failed to timely respond to Defendant's first motion to compel (as required by Local Rule 3.04(a)), Plaintiff did belatedly submit answers to the interrogatories and responses to the document request. But a review of Defendant's new motion to compel reveals that Plaintiff's answers to the interrogatories appear to be woefully inadequate. For example, in response to Defendant Sherriff's Interrogatory No. 2, which was a request for very basic information (e.g., Plaintiff's aliases, where he has lived for the past ten years, his Social Security

number, date of birth, and marital status), Plaintiff replied "Go to Google." (Doc. 71, Ex. A). Plaintiff's remaining answers also appear to be inadequate.

Upon due consideration, the Court will **DEFER** ruling on Defendant's second motion to compel (Doc. 71). Plaintiff has a duty, under Local Rule 3.04(a), to respond to any motion to compel that is filed against him, thus Plaintiff is **DIRECTED** to respond to Defendant's second motion to compel (Doc. 71) on or before **March 21, 2016.** Given that Defendant has filed a second motion to compel, his first motion (Doc. 65) is due to be **TERMINATED AS MOOT**. Importantly, Plaintiff is invited to consider the following guidance.

Where a court grants a motion to compel or discovery is provided after the filing of a motion to compel, then under Federal Rule of Civil Procedure 37(a)(5)(A), the court must, after giving an opportunity to be heard, require that a party—whose conduct necessitated the motion to compel—pay the movant's reasonable expenses in making the motion, including attorney's fees. Here, to date, it appears that Plaintiff's failure to comply with the discovery requests has necessitated the filing of not one, but *two* motions to compel. Thus, it is possible that upon resolution of this matter, the Court will direct Defendant to provide an assessment of his reasonable expenses, including attorney's fees, necessitated by Plaintiff's failures. If that occurs, then after Defendant files that assessment, the Court will, of course, give Plaintiff an opportunity to show cause why costs and fees should not be awarded to Defendant in the amount stated.

**Although Plaintiff is proceeding *pro se*, he is obliged to participate in the discovery process and any intentional failure to do so will not be tolerated. Thus, he is cautioned that the failure to comply with this Order will likely result in the imposition of sanctions.**

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with *all of* this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of

- 3 -

Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

**DONE** and **ORDERED** in Ocala, Florida on March 3, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties