UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GEOFFREY H. ANDERSON,**

    Plaintiff,

v.                                                                                 Case No: 5:15-cv-26-Oc-30PRL

**JOHN MOORE, CHARLES W.
RUSSELL, JOHN FLYNN, ANDY
AULD, SCOTT PENVOSE, GARY S.
BORDERS and CITY OF GROVELAND**

    Defendants.

## ORDER

Before the Court are three motions to compel (Docs. 77, 79, 90), along with other discovery and case management related issues. On May 16, 2016, this Court held a hearing on these matters, in which Plaintiff, proceeding *pro se*, appeared in person, along with counsel for Sheriff Gary S. Borders (the "Sheriff"), and counsel for Officers John Moore, Charles Russell, and Scott Penvose (the "Officers"), who appeared telephonically.

    **I.**    **BACKGROUND**

Plaintiff filed this civil rights action on January 16, 2016. (Doc. 1). After several amendments to his complaint, the Court dismissed several of his claims, but allowed five counts to proceed. (Doc. 73). Still pending are two claims against the Sheriff (Counts V and VII) and three claims against the Officers (Counts II, III, and IX).

Generally, the parties served each other with discovery requests in early February, and several discovery disputes have erupted. The Sheriff promptly filed two motions to compel by early March. (Doc. 65, 71). Yet, the Plaintiff and the Officers have been less prompt in filing

their own respective motions (see Docs. 77, 79), and they have also failed to respond on the docket to each other's motion, which, *inter alia*, necessitated the hearing mentioned above.

## II. LEGAL STANDARD

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, * 2 (M.D. Fla. Oct. 31, 2007) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). The moving party "'bears the initial burden of proving that the information sought is relevant.'" *Douglas v. Kohl's Dep't Stores, Inc.*, No. 615CV1185ORL22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). "Relevancy is determined based on the 'tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.' Fed. R. Evid. 401" *Hankinson v. R.T.G. Furniture Corp.*, No. 15-81139-civ-Cohn/Seltzer, 2016 WL 1182768, at *1 (S.D. Fla. Mar.

28, 2016) (quoting *Garcia v. Padilla*, No. 2:15-cv-735-FtM-29CM, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016)).

Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148-JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

When objecting to a discovery request, the "[p]arties are not permitted to assert . . . conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable." *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008). Indeed, an objecting party "must explain its reasoning in a specific and particularized way" and "an objection that a discovery request is irrelevant . . . must include a specific explanation describing why." *Id.* at *1–2. Finally, "[o]bjections based on privilege or work product protection must be made expressly." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015) (noting that "[a] party cannot assert a privilege by saying that responsive documents might be privileged").

### III. DISCUSSION

#### A. The Officers' motion to compel

The Officers have filed a motion to compel responses to their first request for production and first set of interrogatories, which they say they served in early February and to which Plaintiff has not responded. (Doc. 79). They also assert that Plaintiff failed to comply with a *duces tecum*

request associated with his deposition taken on March 14, 2016. According to the Officers, Plaintiff brought the documents responsive to the *duces tecum* to his deposition, but then refused to allow Defendants to copy them.

Plaintiff asserted, during the hearing (and during his deposition (Doc. 79, p. 14)), that at some point in this case he has supplied the Officers with certain documents, but it is unclear to the Court (and perhaps the Defendants) what materials comprised this apparent disclosure and whether it was adequate. Plaintiff has also asserted that he never received the discovery requests from the Officers, which is his stated reason for not responding. Nevertheless, the Officers are entitled, of course, to discovery as contemplated by the Federal Rules of Civil Procedure. As such, the Officers' motion (Doc. 79) is **GRANTED**.

Additionally, the Officers seek, as sanctions for Plaintiff's refusal to participate in discovery, the dismissal of the remaining claims against them. (Doc. 79, p. 2). But at this time, given Plaintiff's assertion that he never received the discovery requests and that the Officers were already in possession of what he considered to be responsive documents, the request for dismissal is denied. Further, the Court notes that the Officers have not requested any attorney's fees and costs associated with this motion, nor asserted that they made a good faith attempt to resolve this issue with Plaintiff before filing their motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Thus the Court will not award the attorney's fees and costs associated with this motion against Plaintiff.

However, an issue of timing remains—discovery closed in March and the Officers' dispositive motions are due in a few days. There are two related issues that dissuade the Court from reopening discovery or providing any significant extension. The first is Plaintiff's general obstruction insofar as he has been unresponsive or tardy in responding to deadlines and his difficulty in communicating with defense counsel as a result of his name-calling and accusations.

He has been warned about this repeatedly. (*See* Docs. 50, 73). Even after his last warning, his subsequent filings are replete with insults. (*See, e.g.*, Docs. 77, 90).

While he was polite and considerate at the hearing, all of this relates to the second issue, which is that discovery has suffered as a result. The Court has repeatedly extended deadlines in the hope that the case could remain on track, but it has not. This derailment does not solely fall on Plaintiff's shoulders: By as early as March 14, 2016, the Officers were on notice that Plaintiff believed that he had not received their requests for production and interrogatories, but the Officers did not file their motion to compel until almost a month later (and about two weeks after the close of discovery). Further, it appears that defense counsel was able to question Plaintiff during his deposition on some of the same questions at issue in the Officers' interrogatories. (*See, e.g.*, Doc. 79, p. 15).

In any event, the Court is inclined to grant a truncated extension in which Plaintiff can respond to the Officer's discovery requests and in which the Officers can then file a dispositive motion—no other dates or deadlines will be affected. Accordingly, **on or before May 31, 2016** Plaintiff shall respond to the Officers' discovery requests and for each request where he is relying on a document already produced, he shall state the precise nature of the document, the date it was produced, and the context in which it was produced. Then, the Officers may file a dispositive motion **on or before June 22, 2016.**[1]

### B. Sheriff Borders's request for attorney's fees and costs

On February 4, 2016, Sheriff Borders filed his first motion to compel after Plaintiff failed to respond to the Sheriff's first set of interrogatories. (Doc 65). Plaintiff then answered those

---

[1] Plaintiff is reminded he would have 14 days to respond to a dispositive motion. *See* Local Rule 3.01(b) ("Each party opposing a motion . . . shall file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . . .").

interrogatories, but given his woefully inadequate answers and the lack of notarization, the Sheriff filed his second motion to compel, in which he sought a sufficient response.[2] (Doc. 71).

The Court granted Sheriff Borders's second motion to compel and noted Plaintiff's failure to timely respond on the docket to the Sheriff's first and second motions to compel. (Doc. 74). In that order, the Court directed Plaintiff to adequately answer the interrogatories at issue and awarded the Sheriff his reasonable attorney's fees and expenses incurred in preparing the two motions to compel. The Court then directed the Sheriff to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition fourteen days thereafter, which both parties have now done. (Doc. 76, 78, 80).

Under Federal Rule of Civil Procedure 37, where a court grants a motion to compel, or where the requested discovery is provided after the motion was filed, the court must order the payment of reasonable attorney's fees, unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). Here, the Sheriff attempted in good faith to obtain discovery from Plaintiff before filing the motions. (Doc. 65, Ex. 3; 71, Ex. 2).

Plaintiff argues that he should be excused from paying any fees and costs as he is unable to afford them as he is "indigent, proceeding pro se, and survives on modest social security/disability benefit[s]." (Doc. 80, p. 3). Yet, Plaintiff provides no legal authority to support this argument, and case law provides otherwise. *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350 (11th Cir. 2009) (upholding a Rule 37(a)(5) fee award against a *pro se*

---

[2] The Sheriff's first motion to compel was terminated as moot upon the filing of his second motion to compel. (Doc. 72).

litigant where the lower court found no substantial justification for the *pro se* litigant's resistance to discovery); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Courts can assess costs and monetary sanctions against IFP litigants."). Indeed, "[n]o one should be permitted to misuse the courts with impunity." *Moon*, 863 F.2d at 838.

The Sheriff's counsel, John M. Green, represents that he expended a total of 1.8 hours in preparing and filing the two motions to compel at a rate of $184.00 per hour for a total of $337.37 in attorney's fees. (Doc. 76). Because Plaintiff failed to address the reasonableness of these fees in his response in opposition, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g.*, *Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is "reasonable"). Nonetheless, even in the absence of a response from Plaintiff, the Court has a duty to ensure that the requested fees are reasonable.

Here, I have no difficulty concluding that the hourly rate and the number of hours requested by the Sheriff is reasonable for the preparation and filing of the two motions to compel. Likewise, the requested hourly rate is reasonable. Accordingly, Plaintiff shall remit to the Sheriff's counsel, John Green, **$337.37**, which represents the Sheriff's reasonable attorney's fees and expenses incurred in the preparation and filing of the two motions to compel. Due to Plaintiff's financial status, he is further ordered to make such payment in **$25.00** monthly increments, starting **June 1, 2016**. Further, failure to make payments as directed may result in the dismissal of Plaintiff's claims against the Sheriff without further notice.

- 8 -

### C. Plaintiff's motion to compel requests for production and interrogatories

Plaintiff has moved to compel Officers Moore, Penvose, and Russel to respond to his request for production and interrogatories. (Doc. 77). Although Plaintiff asserts that he served these discovery requests on February 6, 2016, the Officers represented, during the hearing, that they did not receive these requests until February 23, 2016. Further, the Officers also assert that they timely responded within thirty days of receiving the requests, and Plaintiff acknowledged, during the hearing, that he has indeed received the Officers' responses.[3] Accordingly, given the Officers' prior response, Plaintiff's motion (Doc. 77) is due to be **DENIED AS MOOT**.

However, during the hearing, Plaintiff noted his concern that the Officers' responses to his interrogatories may be insufficient. For instance, Plaintiff represented that the Officers objected to his request that they list all encounters with Plaintiff (along with descriptions of these events) as overbroad and otherwise directed him to "see reports." As a threshold matter, while Plaintiff filed this motion to compel almost two months ago, he merely sought production of responses; he did not and has not sought, after consultation with opposing counsel, more specific responses to specific questions even though he has had plenty of time to do so since receiving the responses. As such, and in light of the delays in this case as already discussed, I am disinclined to open this dispute now. Still, while requests about incidents other than the ones still at issue in the remaining claims are overbroad and irrelevant, each Officers' factual account of the *incidents at issue in this lawsuit* is relevant to Plaintiff's claims, and disclosure of such information, as discussed at the hearing, will ensure that the proper scope of discovery is met.

---

[3] It appears that Plaintiff filed this motion to compel on or around March 23, 2016. (Doc. 77). During the hearing, the Officers' counsel asserted that she responded to Plaintiff's discovery requests on or around the next day.

Thus, **on or before May 31, 2016**—in the interest of judicial economy, to avoid any further delay in this discovery process, and to the extent such information is relevant to Plaintiff's pending claims—the Officers shall update all of their responses accordingly and either provide Plaintiff with the documents upon which they rely that are responsive to each interrogatory and each request to produce, or if any such documents have already been provided by the Defendants, they shall state the precise nature of the document, the date it was produced, and the context in which it was produced.

### D. Remaining issues

Three issues remain. First, Plaintiff filed a motion to compel the production of his deposition video-recording. (Doc. 90). Yet, the other parties are under no duty to provide Plaintiff with a copy of the video-recording—he is welcome to pay the fee to obtain the video-recording. (Doc. 91). Thus, Plaintiff's motion (Doc. 90) is **DENIED**. I find that, under the circumstances, the attorney's fees and costs the Sheriff incurred in opposing this motion should not be awarded against Plaintiff. Fed. R. Civ. P. 37(a)(5)(B). After all, *pro se* Plaintiff filed the motion under the misconception that he could obtain the video-recording from Defendants. However, the Court notes Plaintiff's serious allegations that his deposition transcript has been altered. (Doc. 90). Plaintiff is again cautioned about making accusations and that if he pursues this issue and it is unsubstantiated, he should expect to be sanctioned accordingly.

Second, the Court notes that Plaintiff has repeatedly used a disrespectful tone in his filings. *See* Doc. 34, p. 3 (suggesting that "opposing counsel has difficulty with the English language"); Doc. 64, p. 5 (stating opposing counsel's theory is "idiotic"); Doc. 90, p. 2 (calling John Green "disreputable" and his assistant a "paid stooge"). Further, Judge Moody has twice warned Plaintiff to be respectful towards opposing counsel. (Doc. 50, p. 26; 73, p. 24). Also, during the

recent hearing, attorney Stephanie McCulloch stated that Plaintiff has recently contacted her office by telephone and once again used a disrespectful tone. Thus Plaintiff is advised, as he was at the hearing, that any further failure to show respect may result in the dismissal of his claims.

Third, Plaintiff is advised that it is his burden, though a *pro se* litigant, to redact personal identifiers before filing pleadings, motions, memoranda, exhibits, and other documents with the Court. A *pro se* litigant is responsible for verifying that appropriate and effective methods of redaction have been used and must review the Judicial Conference Privacy Policy and applicable Court rules at http://www.privacy.uscourts.gov/.

**DONE** and **ORDERED** in Ocala, Florida on May 19, 2016.

*[signature]*
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties