## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

GEOFFREY H. ANDERSON,

    Plaintiff,

v.                                                                          Case No: 5:15-cv-26-Oc-30PRL

JOHN MOORE, CHARLES W.
RUSSELL, JOHN FLYNN, ANDY
AULD, SCOTT PENVOSE, and GARY
S. BORDERS,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Geoffrey H. Anderson's Motion for Stay of Proceedings to Enforce Judgment and Motion for Reconsideration (Doc. 100), Defendant Sheriff Gary S. Borders's response in opposition (Doc. 103), and Defendants Officer John Moore, Officer Charles Russell, and Officer Scott Penvose's response in opposition (Doc. 104). By his motion, Plaintiff seeks reconsideration of the order entered by Magistrate Judge Lammens on May 19, 2016, awarding Sheriff Borders $337.37 in sanctions for Plaintiff's failure to comply with discovery requests. (Doc. 95). The Court construes Plaintiff's motion as an appeal of Magistrate Judge Lammens's discovery order and concludes that the order should be affirmed.

## BACKGROUND

Sheriff Borders filed a motion to compel Plaintiff to respond to discovery requests. (Doc. 65). After Sheriff Borders filed the motion to compel, Plaintiff belatedly responded to the discovery requests. The responses, however, were woefully inadequate, and necessitated Sheriff Borders filing a second motion to compel. (Doc. 71). Plaintiff was provided an opportunity to respond to the second motion to compel, but he failed to file a response. (Doc. 74). Magistrate Judge Lammens granted Sheriff Borders's second motion to compel and directed Plaintiff to show cause why sanctions should not be entered against him in the form of reasonable expenses, including attorney's fees, incurred by Sheriff Borders in filing the two motions to compel. (*Id.*).

Plaintiff filed a response asserting that he could not afford to pay the reasonable expenses submitted by Sheriff Borders which amounted to $337.37. (Docs. 76, 80). Judge Lammens set the matter for a hearing on May 16, 2016, and Plaintiff appeared. (Doc. 95). After the hearing, Judge Lammens awarded Sheriff Borders $337.37 in reasonable expenses as a sanction for Plaintiff's discovery abuses. (*Id.*).

## DISCUSSION

Plaintiff now argues that Judge Lammens's order was erroneous. (Doc. 100). The Court disagrees. A magistrate judge's discovery order shall only be set aside if it is clearly erroneous or is contrary to the law. *See* Federal Rule of Civil Procedure 72(a). Magistrate Judge Lammens's order is well-reasoned and correct. The Court, being thoroughly familiar with this case, agrees with Magistrate Judge Lammens that sanctions are appropriate. Plaintiff's pro se status does not give him carte blanche to abuse the discovery process.

Magistrate Judge Lammens considered Plaintiff's ability to pay in awarding sanctions and, due to his financial status, provided Plaintiff the opportunity to pay the sanctions in installments.

Even if Plaintiff's motion were construed as a true motion for reconsideration, he would not be entitled to relief. Reconsideration is appropriate only where there is (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) the need to correct clear error or manifest injustice. *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted). A motion for reconsideration cannot be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Plaintiff merely raises arguments that he has already raised or that could have been raised previously. As such, Plaintiff is not entitled to reconsideration.

Finally, in his motion, Plaintiff impugns both the character of counsel for Defendants and Magistrate Judge Lammens by suggesting that collusion existed between Magistrate Judge Lammens and counsel for Defendants. (Doc. 100). He also asserts that

Magistrate Judge Lammens was biased against him.[1]  Both the Court and Magistrate Judge Lammens have warned Plaintiff on numerous occasions to refrain from attacking the character of counsel for Defendants and making derogatory remarks in his filings with the Court.  This is Plaintiff's final warning that disrespectful behavior will not be tolerated.  The Court has been lenient with Plaintiff thus far; if Plaintiff continues to behave in a way unbecoming to the judicial system, this action will be dismissed without further notice.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Magistrate Judge Lammens's order awarding sanctions against Plaintiff in the amount of $337.37 (Doc. 95) is AFFIRMED.

2. Plaintiff's Motion for Stay of Proceedings to Enforce Judgment and Motion for Reconsideration (Doc. 100) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[1] The Court does not suggest that bias is not a legitimate objection that may be raised, but it must be supported by more than an unfavorable result and mere conjecture.