UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GEOFFREY H. ANDERSON,

    Plaintiff,

v.                               Case No: 5:15-cv-26-Oc-30PRL

SHERIFF GARY S. BORDERS,
JOHN MOORE, CHARLES RUSSELL,
SCOTT PENVOSE,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration (Doc. 106) and Defendants John Moore, Scott Penvose, and Charles Russell's (the "Officer Defendants") response in opposition and request for sanctions (Doc. 108).[1] For the foregoing reasons, the Court concludes that both Plaintiff's motion for reconsideration and the Officer Defendants' request for sanctions should be denied.

## BACKGROUND

Plaintiff, who is proceeding pro se, initiated this action on January 16, 2015, arising from Plaintiff's arrest and subsequent detainment in the Lake County Detention Center.

---

[1] Plaintiff also filed a request for sanctions against counsel for the Officer Defendants because several documents filed by counsel listed the incorrect city in counsel's address. (Doc. 107). Plaintiff asserts that this error was purposefully committed to mislead Plaintiff and set him up for discovery sanctions. Counsel for the Officer Defendants admits that an error was made in the address on several of the pleadings, but asserts that the error was a mistake. (Doc. 108). Sanctions are not warranted for this error.

(Doc. 1). Plaintiff also sought to proceed *in forma pauperis*. (Doc. 2). The Court conducted a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determined that it suffered from a number of pleading deficiencies, including, among other things, that several causes of action were frivolous or failed to state a claim and that the complaint named as defendants individuals immune from suit or entities not subject to suit. (Doc. 5). The Court provided Plaintiff with an opportunity to file an amended complaint and renew his motion to proceed *in forma pauperis*. Plaintiff filed an amended complaint on May 1, 2015, and renewed his request to proceed *in forma pauperis*. (Docs. 8, 9). The Court granted Plaintiff's request, and Defendants were served with the amended complaint. (Doc. 10).

Plaintiff's amended complaint asserted thirteen claims against various individuals arising from events that occurred from January 22, 2011, through September 8, 2011, including Plaintiff's August 21, 2011 arrest and his seventeen-day jail stint. (Doc. 8). Lake County, the City of Groveland and the Officer Defendants, and Sheriff Borders each filed a motion to dismiss Plaintiff's amended complaint. (Docs. 21, 22, 23). The Court dismissed the majority of Plaintiff's claims without prejudice, and provided Plaintiff leave to file a second amended complaint. (Doc. 50).

Plaintiff filed a second amended complaint on December 3, 2015. (Doc. 51). Lake County and the City and Officer Defendants each filed a motion to dismiss Plaintiff's second amended complaint.[2] (Docs. 53, 56). Plaintiff did not oppose Lake County's

---

[2] Sheriff Borders filed an answer to Plaintiff's second amended complaint on December 10, 2015, and later moved for summary judgment, which the Court has not yet resolved. (Docs. 52, 83). Thus, Plaintiff's claims against Sheriff Borders (Counts V and VII) remain pending.

motion to dismiss, and Lake County's motion was granted and it was dismissed from the action. (Doc. 73). The Court granted in part and denied in part the Officer Defendants' motion to dismiss, permitting Plaintiff's second amended complaint to go forward against the Officer Defendants as to his claims of (1) violation of the Fourth Amendment under 42 U.S.C. § 1983 against Officer Penvose regarding a search of Plaintiff's residence that occurred on January 23, 2011 (Count II), (2) violation of the Fourth Amendment under § 1983 against Officers Moore and Russell regarding entry of Plaintiff's residence on August 5, 2011 (Count III), and (3) invasion of privacy against Officers Moore and Russell related to the August 5, 2011 entry of Plaintiff's residence (Count IX). (Doc. 73).

Plaintiff now seeks reconsideration of the Court's order granting in part and denying in part the Officer Defendants' motion to dismiss. (Doc. 106). Plaintiff asserts that the order was erroneous because the Court misapprehended material facts, misconstrued case law, and was prejudiced against Plaintiff.

## DISCUSSION

A motion for reconsideration is permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted). A motion for reconsideration cannot be used to re-litigate old matters,

3

raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

In his motion, Plaintiff analyzes several cases cited by the Court in its order and attempts to factually distinguish those cases and demonstrate that the Court's reliance on those cases was improper. (Doc. 106). However, the Court did not rely on those cases for their factual similarity to Plaintiff's case. Rather those cases were cited for propositions of law. At the heart of the matter, Plaintiff disagrees with the Court's decision and merely rehashes arguments previously raised or asserts arguments that could have been raised previously. Neither is a proper vehicle for a motion for reconsideration. *See Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) (stating that a motion for reconsideration should not be used to raise arguments that could have been raised prior to entry of the judgment or order). Plaintiff does not claim an intervening change in controlling law or newly discovered evidence, and Plaintiff has not otherwise demonstrated clear error or manifest injustice. Thus, Plaintiff has not established that reconsideration would be appropriate.

In their response, the Officer Defendants request that Plaintiff's complaint be dismissed due to Plaintiff's unprofessional behavior and abusive language. (Doc. 108). The Court concludes that such dismissal is not warranted at this time and denies the Officer Defendants' request. To the extent the motion is intended to compel discovery responses, the Officer Defendants should file a separate motion addressing that issue in detail. The

information provided in the current motion is too vague and conclusory for the Court to make a determination regarding a potential discovery issue.

## CONCLUSION

Because Plaintiff does not raise any proper basis for reconsideration, the Court concludes that Plaintiff's motion for reconsideration should be denied.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Reconsideration (Doc. 106) is DENIED.

2. Officer John Moore, Officer Charles Russell, and Officer Scott Penvose's Motion to Compel and for Sanctions (Doc. 108) is DENIED.

3. Plaintiff's request for sanctions (Doc. 107) is DENIED.

**DONE AND ORDERED** in Tampa, Florida, this 25th day of July, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record