**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**GEOFFREY H. ANDERSON,**

    Plaintiff,

v.                                                                          Case No: 5:15-cv-26-Oc-30PRL

**JOHN MOORE, CHARLES W.
RUSSELL, JOHN FLYNN, ANDY
AULD, SCOTT PENVOSE and CITY OF
GROVELAND**

    Defendants.

---

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's motion to proceed on appeal *in forma pauperis*. (Doc. 127). After reviewing the motion, I deferred ruling and afforded Plaintiff an opportunity to file a new affidavit as his original affidavit failed to comply with the Federal Rule of Appellate Procedure 24. (Doc. 129). Unfortunately, Plaintiff has not amended his affidavit and the time within which he was given to do so has expired.

### I. LEGAL STANDARD

Under Federal Rule of Appellate Procedure 24, a motion to proceed *in forma pauperis* on appeal must be filed in the district court and must have an attached affidavit that (1) shows the party's inability to pay, (2) claims an entitlement to redress, and (3) states the issues that the party

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

- 2 -

intends to present on appeal. Fed. R. App. P. 24(a)(1). An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he or she declares in an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis* on appeal, however, the Court is obligated to ensure the appeal is being taken in "good faith." 28 U.S.C. § 1915(a)(3).

"Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard." *United States v. Terry*, No. 8:97-CR-273-T-23TBM, 2016 WL 406863, at *2, n.1 (M.D. Fla. Jan. 6, 2016), *report and recommendation adopted*, No. 8:97-CR-273-T-23TBM, 2016 WL 398160 (M.D. Fla. Feb. 2, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An issue is frivolous if it is without arguable merit either in law or fact." *Miller v. City of Atl. Beach*, No. 3:15-CV-209-J-34PDB, 2015 WL 7731472, at *5 (M.D. Fla. Nov. 4, 2015), *report and recommendation adopted*, No. 3:15-CV-209-J-34PDB, 2015 WL 7721278 (M.D. Fla. Nov. 30, 2015). In this context, a claim "'capable of being convincingly argued'" is considered "arguable." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990)).

**II.  DISCUSSION**

As noted above, Plaintiff is proceeding *pro se* in this action. Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

As set forth in the Court's prior order, although Plaintiff's motion lists numerous Counts of his complaint that were resolved against him, he fails to state what alleged legal or factual errors related to these Counts that he wishes to appeal. To be sure, numerous dispositive rulings—on

both motions to dismiss and motions for summary judgment—have been adverse to Plaintiff, see (Docs. 50, 73, 117, 123), yet Plaintiff does not allege what legal or factual errors the Court made in these rulings.

Also, while Plaintiff certainly lists "three issues of public importance" that appear to be relevant to this case, he does not clarify if these are issues that he wishes to assert on appeal and, even assuming that he does, he fails to state what redress he seeks. In other words, without knowing how these issues relate to purported factual or legal errors committed in this case and what redress Plaintiff seeks, I cannot determine whether these issues are capable of being convincingly argued.

In sum, I am unable to determine whether Plaintiff's arguments have merit because, as stated in my previous order, "his affidavit fails to state (1) the issues he wishes to raise on appeal and to state (2) any claim for redress." (Doc. 129, p. 2). And despite being given the opportunity to amend his affidavit, Plaintiff has not amended, nor has he otherwise responded to the order to amend. Thus I cannot recommend that this appeal is taken in good faith at this time.

### III. RECOMMENDATION

Upon due consideration, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* on appeal (Doc. 127) be **DENIED**. It is further **RECOMMENDED** that the Clerk be directed to notify the Court of Appeals in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure in the event Plaintiff's motion is denied.

- 4 -

**DONE** and **ORDERED** in Ocala, Florida on November 21, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties